UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HEXAGON METROLOGY, INC., and
HEXAGON HOLDING, INC,

Plaintiffs,

CA No 08-268

v.

THOMAS MOON,

Defendant.

**TEMPORARY RESTRAINING ORDER**

The Court having reviewed Plaintiffs Hexagon Metrology, Inc. and Hexagon Holding, Inc.'s (hereinafter together referred to as "Hexagon") Verified Complaint, Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support thereof, having held a hearing on July 21, 2008 wherein the Court heard from Plaintiffs' counsel and from Defendant Moon, and the Court being otherwise duly advised in the premises;

**IT IS HEREBY ORDERED** that:

(1) Defendant Thomas Moon is enjoined, directly or indirectly, until further order of the court:

(a) From rendering any services for or commencing or continuing employment, individually or otherwise, with Automated Precision, Inc. ("API"), or with any other competing entity of Hexagon, within Texas and Oklahoma;

(b) From soliciting or performing services for any Hexagon customer, prospective customer, or supplier;

(c) From soliciting or being involved in the recruitment or hire of any Hexagon employee;

(d) From using or disclosing any of Hexagon's confidential, proprietary or trade secret information or property;

(e) From interfering, in any way, with any current customer or employee relationship of Hexagon; and

(f) From engaging in deceptive acts or statements with regard to Hexagon's abilities, experiences and personnel.

(2) Defendant shall immediately return all Hexagon property to Hexagon, including all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, processes, research and development, products and services under development, computer program designs, flow charts, source and object codes, markets and selling strategies, power generating, servicing, purchasing, accounting, engineering, costing strategies, sources of supply, customer lists, customer requirements, business methods or practices, training and training programs, pricing and pricing strategies, customer information, customer pricing, margin information, methodology for improving accuracy statements of laser trackers invention information, discs, notes, client files, employment information, business development information, request for proposal, request for bid, client correspondence, meeting minutes, notes of site visits, marketing data, prospect meeting data, network diagrams, proposals, faxes, floor plans, engineering diagrams, financial information, contracts, technical specifications and matters, design documents, survey designs, marketing brochure, building plans, data network specifications, recommendations including but not limited to vendor recommendations, survey results, marketing database, marketing plans, costs, internal weaknesses, prospect lists, marketing plans, employee lists, alliance relationships, competitive bid information, client contact lists, sales leads, prospective employee lists, business plans, profit, margin, and forecasting information, strategic planning, project costs, the Seagate 500GB hard drive that Defendant used to copy and/or store various Hexagon-related information from his Hexagon-

issued laptop, any external storage devices that Defendant used to copy and/or store any Hexagon-related information, and any other Hexagon data kept in any form or media whatsoever.

(3) Defendant shall preserve all evidence, including hard copies, electronic, computer or any other format, which in any way relates to the claims made in this case.

(4) Defendant shall immediately make available and produce any and all personal computers, home computers, and personal external storage devices in his possession for imaging and inspection by Plaintiffs.

(5) Hexagon stands to lose its confidential, proprietary, and trade secret information, the goodwill and referral business of its clients and customers, and revenues in an amount that cannot be readily ascertained. Hexagon is also faced with the substantial risk that Defendant will unlawfully use Hexagon confidential information and trade secrets to Hexagon's competitive disadvantage. Such anticipated losses constitute irreparable harm in that they are so indefinite and speculative as to be incapable of exact proof.

(6) The Court is satisfied based on the evidence presented that it clearly appears from the specific facts shown by the Verified Complaint that immediate and irreparable injury, loss or damage will result to Plaintiffs, should this Temporary Restraining Order not issue.

ENTER:

Barbara Barletta

By: Deputy Clerk

PER ORDER:

Mary M. Lisi

United States District Court Judge July 22, 2008