UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HEXAGON METROLOGY, INC., and
HEXAGON HOLDING, INC,

Plaintiffs,

CA No 08-268

v.

THOMAS MOON,

Defendant.

**PROTECTIVE ORDER REGARDING DISCOVERY**

At a session of said court held in the U.S. District Courthouse,
District of Rhode Island on: ______________________________

PRESENT: HON.___________________________________

Pursuant to the request of the parties for a protective order, the Court finds good cause exists for the issuance of a protective order;

IT IS ORDERED that:

1. Any document, interrogatory answer, deposition testimony, or other information obtained through litigation of this case, or any portion thereof, may be designated as confidential by any party if such party reasonably believes that such information constitutes or discloses a trade secret or other confidential proprietary information.

2. Material designated as confidential under this Order ("Protected Material") shall be categorized by the party producing it into one of the following classifications:

a. "CONFIDENTIAL" or

b. "CONFIDENTIAL – ATTORNEY'S EYES ONLY"

With respect to documents, the designating party shall place the words above, or similar language, clearly on each such page or portion of the Protected Material designated for protection. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are exchanged or produced.

3. A party classifying materials as protected materials under paragraph 2(b) ("CONFIDENTIAL – ATTORNEY'S EYES ONLY") shall do so only upon a good faith belief that the content of the protected material constitutes a trade secret or other confidential research, development or commercial information and the disclosure, or further disclosure, of which would result in a clearly defined and serious injury. In addition, information that is contained on Defendant's personal computer and personal external storage devices that is of a wholly personal nature and completely unrelated to the claims and/or defenses alleged in this matter shall also be categorized as "CONFIDENTIAL – ATTORNEY'S EYES ONLY".

4. Protected Material classified under paragraph 2(a) above ("CONFIDENTIAL" material) may be disclosed only to the following persons ("Qualified Persons"), and only under the conditions set forth below (in ¶ 5), except upon the prior written consent of the designating party:

a. The Court.

b. Attorneys representing the parties and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action, but only if such persons are not shareholders, officers, directors, or employees of a party to this action.

c. Bona fide consultants and experts retained by the attorneys for the parties, to the extent necessary for the conduct of this action, but only if such

persons are not shareholders, officers, directors, or employees of a party to this action.

d. Deponents noticed by the parties, to the extent necessary for the conduct of this action, the court reporters at such depositions.

e. The parties or their officers, directors and employees, to the extent necessary for the conduct of this action.

5. Before any Qualified Person in possession of Protected Material (a "disclosing person," for purposes of this paragraph) shows or discloses such Protected Material to a person described in paragraph 4(c), 4(d) or 4(e) (a "receiving person" for purposes of this paragraph), the disclosing person shall provide to the receiving person a copy of this Order and shall require the receiving person to read the Order and execute (sign and date) a copy of Exhibit "A" to this Order.

6. Protected Material classified under paragraph 2(b) hereof ("CONFIDENTIAL – ATTORNEY'S EYES ONLY" material) may be disclosed only to those persons enumerated in paragraphs 4(a), 4(b), 4(c) and to employees, agents or representatives of the designating party for the purposes of cross-examination, unless the prior written consent of the designating party, or an order of this Court, is first obtained.

7. Protected Material produced or exchanged in the course of this litigation shall not be used for any purpose other than preparation for trial and trial of this action and any pretrial or post-trial proceeding in this action.

8. Any Confidential-Attorney's Eyes Only Material filed with the court shall be filed under seal and shall remain under seal until further Order of the Court. Where possible, only portions of the filing with the Court constituting Confidential-Attorney's Eyes Only Material

shall be filed under seal. The party filing any Confidential-Attorney's Eyes Only Material shall be responsible for informing the Clerk of the Court that the fling should be sealed and for placing legend "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER" next to the caption. The Clerk of this Court is directed to maintain under seal all documents so marked.

9. Counsel and all other Qualified Persons receiving or reviewing Protected Material shall treat any document they created that incorporated Protected Material – including handwritten notes or correspondence – as a derivative copy of the Protected Material. All such derivative copies shall be treated just as the Protected Material.

10. A party shall not be obligated to challenge the propriety of a designation under paragraph 2 at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Any party may request in writing to the party who produced Protected Material that the designation be modified or withdrawn. If the designating party does not agree to re-designation within 10 days of receipt of the written request, the requesting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the designating party to show why its classification is proper. Agreement of the parties to this Order shall not be construed as an agreement or admission by one party that any designation under paragraph 2 by the other party is in any way proper or correct.

11. Thirty days after termination of this action, including any appeals, documents and other tangible items containing Protected Material, including all copies, notes and other materials containing or referring to information derived therefrom, shall be returned to the party which produced it or, upon that party's consent, destroyed, and all persons who possessed such material shall verify, to the best of their knowledge, the return for destruction by affidavit furnished to the producing party.

12. Protected Material shall, with the Court's consent, receive in camera treatment at any trial, hearing or other public proceeding, except upon written agreement by the parties or further order of this court.

13. If the Protected Material defined by this Order is in any manner referenced or utilized in the course of a deposition, counsel for the parties shall be given opportunity to indicate on the record at the deposition, or in writing within 21 days after receipt of the transcript of such deposition, that the testimony contains Protected Material and is subject to the provisions of this Order.

14. Prior to any deposition or segment of a deposition wherein either party intends on discussing or utilizing in any manner the Protected Material defined herein, the court reporter taking such deposition shall be provided with a copy of the Order and shall execute a document in the form of Exhibit "A" attached hereto, such signed document to be filed with the Clerk of this Court by the attorney retaining such reporter. All such depositions shall be conducted in private, with only Qualified Persons in attendance. If Protected Material designated under paragraph 2(b) above ("CONFIDENTIAL – ATTORNEY'S EYES ONLY") is to be referred to, shown, or discussed, then the deposition or that segment of the deposition shall be further restricted to those persons described in paragraphs 4(a), 4(b) and 4(c) above.

15. The restrictions embodied in this Order shall be binding upon the party to whom such Protected Material is produced unless and until that party shows to this Court that:

a. The Protected Material, in the form produced, was or becomes public knowledge absent a breach of the restrictions of this Order; or

b. The Protected Material, in the form produced, was already made known to that party through a third party who himself has not breached any

obligation of confidentiality in doing so and was lawfully in possession of the Protected Material.

16. The terms of this Order shall be binding upon the parties after the conclusion of this litigation by dismissal, settlement, entry of final judgment or other means. This Court shall retain jurisdiction to enforce the terms of the Order and all persons subject to its terms expressly submit to the jurisdiction of this Court for purposes of such enforcement.

ENTERED THIS 22nd day of July, 2008.

Mary M. Lisi
United States District Judge

**EXHIBIT A TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HEXAGON METROLOGY, INC., and
HEXAGON HOLDING, INC,

Plaintiffs,

CA No 08-268

v.

THOMAS MOON,

Defendant.

**DECLARATION REGARDING PROTECTIVE ORDER**

1. My name is ______________________________

2. My present employer is ______________________________

3. My present occupation is ______________________________

4. I have received, read, understand, and will comply with the Protective Order.

5. I will hold in confidence, and not disclose to anyone not authorized under the Protective Order, any confidential documents disclosed to me.

6. I will return all materials containing confidential information which come into my possession, and documents or things which I have prepared from these materials (including all copies) to counsel for the party by whom I am employed or retained.

7. I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

Signed on: __________, 200__

______________________________
Signature

______________________________
Printed Name